IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 5:21CR 50045-001 |
| ) | |
| MICHAEL HENDERSON LECLAIRE ) | |

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1) of the Federal Rules of Criminal Procedure, the parties hereto acknowledge that they have entered into negotiations which have resulted in this Agreement. The agreement of the parties is as follows:

**COUNTS OF CONVICTION AND DISMISSAL**

1. The Defendant, Michael Henderson LECLAIRE, hereby agrees to plead guilty to Counts One and Two of the Superseding Indictment returned by the grand jury on November 2, 2021 that charges the Defendant with Sexual Exploitation of a Minor via Production of Child Pornography, in violation of Title 18, United States Code, Sections 2251(a) and (e) (Count One), and Aggravated Sexual Abuse, in violation of Title 18, United States Code, Sections 2241(c) and 2246(2) (Count Two). If the Court accepts this Plea Agreement, once the Court has pronounced sentence, the United States will move to dismiss Count Three, Possession of Child Pornography, in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2). Defendant also agrees to admit to the Forfeiture Allegation.

**CONSENT TO PROCEED BEFORE THE MAGISTRATE JUDGE**

2. The Defendant acknowledges that he has been advised and understands that he has a right to have a United States District Judge presiding when he enters a guilty plea and that he can exercise that right without concern or reservation. The Defendant and the United States

hereby consent to have the proceedings required by Rule 11 of the Federal Rules of Criminal Procedure incident to the making of the plea to be conducted by the United States Magistrate Judge. If, after conducting such proceedings, the Magistrate Judge recommends that the plea of guilty be accepted, a presentence investigation and report will be ordered pursuant to Federal Rule of Criminal Procedure 32. The Defendant acknowledges that his plea of guilty is subject to approval and acceptance by the District Judge and that sentencing will be conducted by the District Judge.

## WAIVER OF OBJECTIONS TO MAGISTRATE'S
## REPORT AND RECOMMENDATION

3. The parties acknowledge that pursuant to Title 28, United States Code, Section 636(b)(1)(B), the failure to file objections to the Report and Recommendation within fourteen (14) days bars them from objecting to the District Court's acceptance of the guilty plea as recommended by the Magistrate Judge. Having been advised of the right to object to the Report and Recommendation, the parties wish to waive that right for the purpose of expediting acceptance of the guilty plea in this matter. Accordingly, evidenced by their signatures appearing below, the parties hereby waive the right to object to the Magistrate Judge's Report and Recommendation Concerning Plea of Guilty, and consent to acceptance of the same by the United States District Judge so that acceptance of the guilty plea may proceed forthwith.

## AGREEMENT REGARDING FORFEITURE

4. The Defendant, Michael LECLAIRE, hereby agrees to forfeit all rights, title and interest in the cellular device identified as a Motorola Model Moto e6 with a Serial number of ZY326N6CFM. The Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, property facilitating illegal conduct, property involved in illegal conduct giving rise to forfeiture, or as substitute assets for property otherwise

subject to forfeiture

a. The Defendant consents to the immediate entry of a Preliminary Order of Forfeiture upon entry of the guilty plea. The Defendant further agrees that upon entry of the Preliminary Order of Forfeiture, such Order will be considered final as to Defendant's interests in the property. The Defendant agrees to immediately withdraw any claims to properties seized in connection with this case in any pending administrative and civil forfeiture proceeding, and consents to the forfeiture of all properties seized in connection with this case to the United States. The Defendant agrees to execute any and all documents requested by the United States to facilitate or complete the forfeiture process. The Defendant further agrees not to contest or to assist any other person or entity in contesting the forfeiture of the properties seized in connection with this case.

b. The Defendant agrees to consent to the entry of Orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

c. The Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to

testify truthfully in any judicial forfeiture proceeding. The Defendant also agrees that the forfeiture provisions of this Plea Agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement.

### ADMISSION OF FACTUAL BASIS IN SUPPORT OF GUILTY PLEAS

5. The Defendant has fully discussed with defense counsel the facts of this case and the elements of the crimes to which the Defendant is pleading guilty. The Defendant has committed each of the elements of the crimes to which the Defendant is pleading guilty, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

   a. On July 2, 2020, Detective Brian Hanna (hereinafter "Hanna") with the Rogers, Arkansas, Police Department received a CyberTip from the Arkansas State Police Crimes Against Children Task Force. Snapchat, an internet communication platform, submitted a report to law enforcement authorities that a Snapchat user was uploading child sexual abuse material. Snapchat provided the user's identifying information including email address, IP address, phone number, and date of birth. Hanna searched the records of the Rogers Police Department and found that the phone number in the CyberTip returned to Michael LECLAIRE (hereinafter "LECLAIRE"). LECLAIRE's date of birth matched the date of birth of the user identified in the cybertip. On July 14, 2020, Hanna received a second CyberTip from Instagram, an internet communication platform. Instagram reported that a child sexual abuse material file was uploaded on June 19, 2020, and that the user responsible for the upload had the name "Mike" with a phone number matching the phone number of LECLAIRE. Hanna located an address in the records of the Roger Police Department for LECLAIRE.

   b. On July 22, 2020, Hanna contacted LECLAIRE at his residence, and informed LECLAIRE that he was free to leave and could stop the interview at any time.

LECLAIRE proceeded to confirm that it was his Instagram account, but he had not used the account since February or March of 2020 and that his Snapchat account was deactivated. LECLAIRE granted consent to have his phone searched and explained that there may be some images of underage females on his phone in his Google account. LECLAIRE stated that he has had the Google account since he was a teenager, and he has had some of the images since that time. LECLAIRE stated that he does look at and share images of females around the age of fourteen (14). LECLAIRE stated that his preference was underage girls who were young but developed.

   c. On July 23, 2020, Hanna applied for and received a state search warrant for LECLAIRE's cell phone. Analysis of the cell phone showed evidence of child sexual abuse material. Hanna observed over one-hundred and fifty (150) videos that contained child sexual abuse material.

**Conduct as to Count One (JOHN DOE 1)**

   d. One of the videos extracted from the cell phone of LECLAIRE, file name of VID_20200322_224041986.mp4, was created on March 23, 2020 and depicts an adult male kneeling next to a small minor male, later identified as JOHN DOE 1. The adult male is visible in the video using his penis to penetrate the minor male's anus while the adult male video recorded the assault. The minor male appeared to be sleeping during the assault and a Paw Patrol pillow was seen in the video. The video was last modified on July 10, 2020.

   e. On July 24, 2020, Hanna applied for and received a search warrant for the residence of LECLAIRE. Officers located a Paw Patrol pillow that appeared to match the pillow in the video described in paragraph d. The child in that video was later identified as JOHN DOE 1 who was five years old. The mother of JOHN DOE 1 identified the adult male in the video as

LECLAIRE and the minor male in the video as JOHN DOE 1. Officers located a previous address recently resided in by LECLAIRE, which is in the Western District of Arkansas, Fayetteville Division, and confirmed the headboard and curtain that were visible in the videos depicting the assault on JOHN DOE 1 were located at the residence.

    f.  The cell phone LECLAIRE used to produce the video of JOHN DOE, a minor, engaged in sexually explicit conduct, was manufactured outside the State of Arkansas; therefore, the cell phone had been mailed, shipped and transported in and affecting interstate commerce.

**Conduct as to Count Two (JANE DOE 1 and JOHN DOE 2)**

    g.  Extraction of LECLAIRE's cell phone (as referenced in paragraph c) also yielded a video, with the file name, VID_20200507_081141350.mp4. This video depicts an adult male performing oral sex on a minor male, later identified as JOHN DOE 2, that appeared to be between the ages of one (1) and three (3). The adult male in the video appeared to be LECLAIRE.

    h.  On July 23, 2020, LECLAIRE was arrested on state charges for the crimes of Rape, Class Y Felony, Production of a Sexual Performance, Class B Felony, and Possession of Matter Depicting Sexually Explicit Conduct Involving a Child, Class C Felony out of Benton County, Arkansas. After advisement of the *Miranda* warning, LECLAIRE confirmed he was the adult male in the video with JOHN DOE 2. LECLAIRE stated that JOHN DOE 2 was two (2) years old and lived in Missouri. LECLAIRE stated that he was babysitting JOHN DOE 2, and JOHN DOE 2's siblings when he recorded the sexual assault. LECLAIRE said that he was blowing on the stomach of JOHN DOE 2, making the child laugh, and LECLAIRE became aroused, so he performed oral sex on the JOHN DOE 2 and had JOHN DOE 2's five (5) year old sister, JANE DOE 1, perform oral sex on LECLAIRE. LECLAIRE admitted that he recorded the assaults and

had viewed the recordings at least one time since the assault. The mother of JOHN DOE 2 and JANE DOE 1 was interviewed, and she confirmed that she met LECLAIRE through their job located in Arkansas. She confirmed that LECLAIRE had traveled from Arkansas to her home in Missouri several times to watch her children.

   i. On July 28, 2020, Hanna applied for and received a state search warrant for the records from Google, Inc. for LECLAIRE'S gmail accounts. Results from the search warrant yielded 224 images and videos that were categorized as child sexual abuse material. There were several files reflecting the sexual abuse of JOHN DOE 1. For example, file name IMG_20200111_222124542.jpg was created on January 11, 2020, with the camera of a Motorola Moto e6. The image depicted LECLAIRE's penis slightly inserted into the mouth of JOHN DOE 1, while JOHN DOE 1 slept.

   j. Results from the Google search warrant also revealed several files depicting the sexual abuse of JANE DOE 1. File name VID_20200622_14432178.mp4 was created on June 22, 2020, with a last modified date of June 23, 2020. This video shows JANE DOE 1 sitting on a couch while LECLAIRE is coaching her to perform oral sex on him, JANE DOE 1 puts LECLAIRE's penis into her mouth.

   k. LECLAIRE traveled from Arkansas to Missouri, therefore crossing a state line, to engage in the sexual acts with JOHN DOE 2 as described in paragraph i and the sexual acts as with JANE DOE 1, as described in paragraph j.

   l. The Defendant stipulates and agrees that on or about March 23, 2020, in the Western District of Arkansas, Fayetteville Division, he employed, used, persuaded, induced and coerced a minor, JOHN DOE 1, with the intent that JOHN DOE 1 engage in sexually explicit conduct, as defined in 18 U.S.C. 2256, for the purpose of producing a visual depiction of JOHN

DOE 1 engaged in such conduct and in doing so, used a cellular telephone that had been manufactured outside the state of Arkansas and therefore had been shipped and transported in and affecting interstate and foreign commerce.

      m.    The Defendant stipulates and agrees that between on or about May 7, 2020 and on or about June 25, 2020, in the Western District of Arkansas, Fayetteville Division, and elsewhere, he crossed the state line from Arkansas to Missouri with the intent to engage in a sexual act as defined in 18 U.S.C. § 2246(2) with JOHN DOE 2 and JANE DOE 1 who both had not attained the age of 12 years.

## ADVICE OF RIGHTS

6.    The Defendant hereby acknowledges that he has been advised of and fully understands the following constitutional and statutory rights:

    a.    to have an attorney and if the Defendant cannot afford an attorney, to have one provided to him and paid for at the United States' expense;
    b.    to persist in his plea of not guilty;
    c.    to have a speedy and public trial by jury;
    d.    to be presumed innocent until proven guilty beyond a reasonable doubt;
    e.    to confront and examine witnesses who testify against him/her;
    f.    to call witnesses on his behalf;
    g.    to choose to testify or not testify and that no one could force the Defendant to testify; and,
    h.    to have at least 30 days to prepare for trial.

## WAIVER OF RIGHTS

7.    The Defendant hereby acknowledges that he understands with respect to each count to which he pleads guilty, he thereby WAIVES all of the rights listed as (b) through (h) of the above paragraph.

## WAIVER OF ACCESS TO RECORDS

8.    The Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any

records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

## WAIVER OF "HYDE" CLAIM

9. The Defendant hereby waives any claim under the Hyde Amendment, 18 U.S.C. § 3006A (Statutory Note), for attorney fees and other litigation expenses arising out of the investigation or prosecution of this matter.

## EFFECTS OF BREACH OF THIS AGREEMENT BY DEFENDANT

10. The Defendant agrees that if after signing this Plea Agreement the Defendant commits any crimes, violates any conditions of release, or fails to appear for sentencing, or if the Defendant provides information to the Probation Office or the Court that is intentionally misleading, intentionally incomplete, or intentionally untruthful, or if the Defendant violates any term of this Plea Agreement, takes a position at sentencing which is contrary to the terms of this Plea Agreement or attempts to withdraw from this Plea Agreement, this shall constitute a breach of this Plea Agreement which shall release the United States from any and all restrictions or obligations placed upon it under the terms of this agreement and the United States shall be free to reinstate dismissed charges or pursue additional charges against the Defendant. The Defendant shall, however, remain bound by the terms of the agreement, and will not be allowed to withdraw this plea of guilty unless permitted to do so by the Court.

11. The Defendant further agrees that a breach of any provisions of this Plea Agreement shall operate as a WAIVER of Defendant's rights under Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence and the United States shall be allowed to use and to introduce into evidence any one or more of the following:

a. admissions against interest, both oral and written, made by the Defendant to any person;
b. statements made by the Defendant during his change of plea hearing;
c. the factual basis set forth in the Plea Agreement;
d. any testimony given under oath in these proceedings or to a grand jury or a petit jury;
e. any and all physical evidence of any kind which the Defendant has provided to the United States; and,
f. any and all information provided by the Defendant to the United States' attorneys, or to federal, state, county, and/or local law enforcement officers.

### MAXIMUM PENALTIES

12. The Defendant hereby acknowledges that he has been advised of the maximum penalties for each count to which he is pleading guilty. By entering a plea of guilty to Counts One and Two of the Superseding Indictment, the Defendant agrees that he faces as to each count:

**Counts One -Sexual Exploitation of a Minor via the Production of Child Pornography**

a. a maximum term of imprisonment for 30 years,
b. a mandatory minimum term of imprisonment for 15 years,
c. a maximum fine of $250,000,
d. both imprisonment and fine,
e. a term of supervised release which begins after release from prison for not less than five years or life,
f. a possibility of going back to prison if the Defendant violates the conditions of supervised release,
g. a special assessment of $100 pursuant to 18 U.S.C. § 3013(a)(2)(A),
h. a special assessment of $5,000 pursuant to 18 U.S.C. § 3014, unless the Court determines he is indigent,
i. a special assessment of up to $50,000 pursuant to 18 U.S.C. 2259A, and
j. restitution as ordered by the Court

**Counts Two -Aggravated Sexual Abuse**

a. a maximum term of imprisonment for life,
b. a mandatory minimum term of imprisonment for 30 years,
c. a maximum fine of $250,000,
d. both imprisonment and fine,
e. a term of supervised release which begins after release from prison for not less than five years or life,
f. a possibility of going back to prison if the Defendant violates the conditions of supervised release,

g. a special assessment of $100 pursuant to 18 U.S.C. § 3013(a)(2)(A),
h. a special assessment of $5,000 pursuant to 18 U.S.C. § 3014, unless the Court determines he is indigent, and
j. restitution as ordered by the Court

## CONDITIONS OF SUPERVISED RELEASE

13. The Defendant acknowledges that if a term of supervised release is imposed as part of the sentence, the Defendant will be subject to the standard conditions of supervised release as recommended by the United States Sentencing Commission and may be subject to other special conditions of supervised release as determined by the Court. The standard conditions of supervised release are as follows:

a. The Defendant shall report to the probation office in the federal judicial district where he is authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs the Defendant to report to a different probation office or within a different timeframe.
b. After initially reporting to the probation office, the Defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the Defendant shall report to the probation officer as instructed.
c. The Defendant shall not knowingly leave the federal judicial district where he is authorized to reside without first getting permission from the court or the probation officer.
d. The Defendant shall answer truthfully the questions asked by the probation officer.
e. The Defendant shall live at a place approved by the probation officer. If the Defendant plans to change where he lives or anything about his living arrangements (such as the people the Defendant lives with), the Defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the Defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.
f. The Defendant shall allow the probation officer to visit the Defendant at any time at his home or elsewhere, and the Defendant shall permit the probation officer to take any items prohibited by the conditions of the Defendant's supervision that he or she observes in plain view.
g. The Defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the Defendant does not have full-time employment he shall try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the Defendant plans to change where the Defendant works or anything about his work (such as the position or the job responsibilities), the Defendant shall notify

     the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the Defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

h. The Defendant shall not communicate or interact with someone the Defendant knows is engaged in criminal activity. If the Defendant knows someone has been convicted of a felony, the Defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.

i. If the Defendant is arrested or questioned by a law enforcement officer, the Defendant shall notify the probation officer within 72 hours.

j. The Defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or Tasers).

k. The Defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

l. If the probation officer determines that the Defendant poses a risk to another person (including an organization), the probation officer may require the Defendant to notify the person about the risk and the Defendant shall comply with that instruction. The probation officer may contact the person and confirm that the Defendant has notified the person about the risk.

m. The Defendant shall follow the instructions of the probation officer related to the conditions of supervision.

## DEFENDANT'S ACKNOWLEDGMENT OF REQUIREMENT TO REGISTER AS A SEX OFFENDER

14.    I understand and acknowledge that I have been advised and understand that under the Sex Offender Registration and Notification Act, Title 42, United States Code, Section 16901, et seq., I must register and keep the registration current in each of the following jurisdictions: where I reside; where I am an employee; and where I am a student. I understand that the requirements for registration include providing my name, my residence address, and the names and addresses of any places where I am or will be an employee or student, among other information. I further understand that the requirement to keep the registration current includes informing the jurisdiction where I reside, am employed or attend school no later than three business days after any change of my name, residence, employment or student status. I have been advised

and understand that failure to comply with these obligations subjects me to prosecution for failure to register under federal law in violation of Title 18, United States Code, Section 2250, which is punishable by a fine or imprisonment or both.

## RESTITUTION PURSUANT TO TITLE 18 U.S.C. § 2259

15. The Defendant agrees and acknowledges that victim restitution in this case is governed by the provisions of Title 18, United States Code, Section 2259 and will be calculated during the preparation of the PSR and finally determined by the court at the sentencing hearing. The Defendant acknowledges that restitution imposed is not dischargeable in any bankruptcy proceeding pursuant to Title 18, United States Code, Section 3613(e).

## AGREEMENT TO PROVIDE FINANCIAL INFORMATION

16. The Defendant agrees that no later than thirty (30) days after the change of plea, the Defendant shall complete the financial disclosure statement and the accompanying releases provided by the United States Attorney's Office and deliver them to the United States Probation Office and the United States Attorney's Office. This financial disclosure statement is sworn by the defendant to be true and correct under penalty of perjury. The Defendant agrees that his failure to truthfully and fully complete the financial disclosure statement and accompanying releases may result in the Government objecting to the Defendant receiving a reduction for acceptance of responsibility.

## PAYMENT OF MONETARY PENALTIES

17. The Defendant agrees that monetary penalties to include special assessments, fine, and/or restitution imposed by the Court will be (i) subject to immediate enforcement as provided in Title 18, United States Code, Section 3613c, and (ii), submitted to the Treasury Offset Program so that any federal payment such as an income tax refund or transfer of returned property the

defendant receives may be offset and applied to federal debt without affecting the periodic payment schedule ordered by the Court.

## NO OTHER CHARGES

18. The United States agrees that no other federal charges, which stem from the activities described in the Superseding Indictment, will be brought against the Defendant in the Western District of Arkansas.

## SENTENCING GUIDELINES ARE ADVISORY BUT NOT MANDATORY

19. The parties acknowledge that the Court shall consult and take into account the United States Sentencing Commission Guidelines in determining the sentence, but that the Court is not bound by the Guidelines and may sentence the Defendant to any sentence within the statutory range.

## AGREEMENT DOES NOT PROMISE A SPECIFIC SENTENCE

20. The Defendant acknowledges that discussions have taken place concerning the possible guideline range which might be applicable to this case. The Defendant agrees that any discussions merely attempt to guess at what appears to be the correct guideline range and do not bind the District Court. Further, the Defendant acknowledges that the actual range may be greater than contemplated by the parties. In the event that the actual guideline range is greater than the parties expected, the Defendant agrees that this does not give him the right to withdraw his plea of guilty.

## RELEVANT CONDUCT CONSIDERED

21. At the sentencing hearing, the United States will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information with respect to the Defendant's background, character and conduct, including the conduct that is the subject of this

investigation for which he has not been charged up to the date of this Agreement, and/or which is the basis for any of the counts which will be dismissed pursuant to this agreement, as provided by § 1B1.3 of the Sentencing Guidelines.

## PERJURY

22. In the event that it is determined that the Defendant has not been truthful with the Court as to any statements made while under oath, this Plea Agreement shall not be construed to protect the Defendant from prosecution for perjury or false statement.

## CONCESSIONS BY THE UNITED STATES

23. The United States agrees not to object to a recommendation by the Probation Office or a ruling of the Court which awards the Defendant an appropriate-level decrease in the base offense level for acceptance of responsibility. If the offense level in the Presentence Report is 16 or greater and the Court accepts a recommendation in the Presentence Report that the Defendant receive two points for acceptance of responsibility, the United States agrees to move for an additional one-point reduction for acceptance of responsibility for a total of three points. However, the United States will not be obligated to move for an additional one-point reduction or recommend any adjustment for acceptance of responsibility if the Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following a) falsely denies, or makes a statement materially inconsistent with, the factual basis set forth in this agreement, b) falsely denies additional relevant conduct in the offense, c) is untruthful with the United States, the Court or probation officer, or d) materially breaches this Plea Agreement in any way.

## UNITED STATES' RESERVATION OF RIGHTS

24. Although the United States agrees not to object to certain findings by the Probation

Office or to rulings of the Court, it reserves the right to:

    a.    make all facts known to the Probation Office and to the Court;
    b.    call witnesses and introduce evidence in support of the Presentence Report;
    c.    contest and appeal any finding of fact or application of the Sentencing Guidelines;
    d.    contest and appeal any departure from the appropriate Guideline range; and,
    e.    defend all rulings of the District Court on appeal including those rulings which may be contrary to recommendations made or positions taken by the United States in this Plea Agreement which are favorable to the Defendant.

## NO RIGHT TO WITHDRAW THE GUILTY PLEA

25.    The United States' concessions on sentencing options are non-binding and made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. As a result, if the Court should reject the Defendant's requests or recommendations for certain findings of fact or applications of the Guidelines, the Defendant acknowledges that there is no right to withdraw the guilty plea.

## DISMISSAL OF COUNTS

26.    The United States' agreement to dismiss certain counts of the Superseding Indictment is made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure. As a result, if the Court should reject the United States' motion to dismiss the agreed counts of the Superseding Indictment, the Defendant shall be afforded the right to withdraw his plea pursuant to Rule 11(c)(5)(B) of the Federal Rules of Criminal Procedure.

## AGREEMENT NOT BINDING ON THE COURT

27.    The parties agree that nothing in this Agreement binds the District Court to:

    a.    make any specific finding of fact;
    b.    make any particular application of the Sentencing Guidelines;
    c.    hand down any specific sentence;
    d.    accept any stipulation of the parties as contained in this Plea Agreement; and,
    e.    accept this Plea Agreement.

28. The United States and the Defendant acknowledge that the Court has an obligation to review the Presentence Report before it accepts or rejects this Plea Agreement.

## AGREEMENT DOES NOT BIND ANY OTHER ENTITY

29. The parties agree that this Plea Agreement does not bind any governmental entity other than the United States Attorney's Office for the Western District of Arkansas.

## SPECIAL ASSESSMENT

30. The Defendant agrees to pay $200 as the special assessment in this case.

## ADDITIONAL SPECIAL ASSESSMENTS

31. The Defendant agrees to pay an additional special assessment of $5,000 for the counts of conviction involving violation of Title 18, United States Code, Section 2251, unless the court finds that the Defendant is indigent.

32. The Defendant also agrees to pay an additional special assessment of up to $50,000.00 for the count of convictions pursuant to Title 18, United States Code, Section 2251.

## REPRESENTATIONS BY DEFENDANT

33. By signing this Plea Agreement, the Defendant acknowledges that:

    a. The Defendant has read this Agreement (or has had this Agreement read to him) and has carefully reviewed every part of it with defense counsel.
    b. The Defendant fully understands this Plea Agreement and is not under the influence of anything that could impede the Defendant's ability to fully understand this Plea Agreement.
    c. No promises, agreements, understandings, or conditions have been made or entered into in connection with the decision to plead guilty except those set forth in this Plea Agreement.
    d. The Defendant is satisfied with the legal services provided by defense counsel in connection with this Plea Agreement and matters related to it.
    e. The Defendant has entered into this Plea Agreement freely, voluntarily, and without reservation and the Defendant's desire to enter a plea of guilty is not the result of threats or coercion directed at the Defendant or anyone connected with the Defendant.

## REPRESENTATIONS BY DEFENSE COUNSEL

34. By signing this Plea Agreement, counsel for the Defendant acknowledges that:

   a. Counsel has carefully reviewed every part of this Agreement with the Defendant and this Agreement accurately and completely sets forth the entire agreement between the United States and the Defendant.
   b. Counsel has explained the ramifications of the Plea Agreement to the Defendant, and believes that the Defendant understands this Plea Agreement, what rights are being lost by pleading guilty, and what the United States has agreed to do in exchange for the plea of guilty.
   c. Counsel believes that the Defendant's decision to enter into this Agreement is an informed and voluntary one.

## PLEA AGREEMENT CONSTITUTES THE ENTIRE AGREEMENT

35. The Defendant and his attorney both acknowledge that this Plea Agreement constitutes the entire agreement of the parties. Further, all parties agree that there are no oral agreements or promises which have been made to induce the Defendant to change his plea to guilty.

Dated this 19 day of November, 2021.

_____
Michael LeClaire
Defendant

_____
Joe Alfaro
Attorney for Defendant

DAVID CLAY FOWLKES
ACTING UNITED STATES ATTORNEY

By: _____
Tyler Williams
Assistant U.S. Attorney